**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| GARY WILKINSON, by and through his Guardian Ad Litem, Michael Wilkinson, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:24-cv-243-JDK-JDL |
| SMITH COUNTY, TEXAS, et al., | § § § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gary Wilkinson, by and through his appointed Guardian Ad Litem, Michael Wilkinson, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 and state law. The complaint was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Smith County filed a motion to dismiss (Docket No. 56) arguing that it is the wrong party to be sued. Specifically, the County argues that Plaintiff lacks standing to raise this claim because the claim is not traceable to its actions. The County also asserts that Plaintiff's proper remedy is to join the class action lawsuit in *Ward v. Young*, No. 1:16-cv-917-DAE, in the Western District of Texas, which seeks to hold the Health and Human Services Commission ("HHSC") liable for the length of time inmates are in state jail facilities awaiting transfer to a mental health facility.

1

On October 9, 2025, Judge Love notified the parties that the motion to dismiss would be converted to a motion for summary judgment. Docket No. 61. Plaintiff was directed to file any amended response and/or competent summary judgment evidence. *Id.* Plaintiff filed his amended response in opposition on October 31, 2025. Docket No. 63. Smith County filed its amended reply on November 7, 2025. Docket No. 64. Both parties attached additional exhibits to their pleadings.

On December 30, 2025, Judge Love issued a Report (Docket No. 66) recommending that the Court grant Smith County's motion for summary judgment and dismiss Plaintiff's claims with prejudice. Specifically, Judge Love determined that: (1) given the lack of a subsequent judgment of conviction, Plaintiff failed to show with certainty that he was detained beyond his sentence date, assuming he had one; (2) a sheriff cannot release an inmate from the jail without a proper court order; and (3) any claim that Smith County should have petitioned the court or alerted authorities to Plaintiff's over-detention sounds in negligence—not a constitutional violation. In sum, Judge Love concluded that Smith County was the wrong party to be held liable for Plaintiff's stay in the Smith County jail. Docket No. 66 at 18.

Judge Love also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim against his attorney. Plaintiff filed timely objections (Docket No. 67), and Smith County filed a response (Docket No. 68).

**I.**

The Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation.

2

28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten days to fourteen days).

As to conclusions in the Report for which no objections are filed, the Court reviews those findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that the standard of review is "clearly erroneous, abuse of discretion and contrary to law" if no objections to a Magistrate Judge's Report are filed).

Plaintiff raises five objections to the Report: (1) Plaintiff's maximum lawful confinement is a question of law, (2) commitment orders are not indefinite, (3) *Jackson v. Indiana* and other authorities would hold Smith County responsible for continued detention after expiration of the maximum lawful detention period, (4) the Report improperly resolves disputed issues of fact, and (5) *Ward v. Young* does not bar Plaintiff's claims. *See generally* Docket No. 67. In response, Smith County maintains that it is not the correct party to sue—the duty to release Plaintiff was on the mental health facility listed in the commitment order, not the County because the County "only temporarily" houses inmates while they await a decision from the court or mental health facility. Docket No. 68.

The Court will consider each objection in turn.

**A.**

Plaintiff first maintains that the Report errs by "concluding that Plaintiff failed to establish that he was held beyond his maximum lawful confinement period," as burglary of a building is a state jail felony that cannot result in more than two years of imprisonment as a matter of Texas state law. Docket No. 67 at 3. He insists that he was released from jail because the "maximum confinement period for the burglary offense had expired," citing Texas Code of Criminal Procedure article 46B.0095. *Id.*

This objection, however, overlooks the Report's conclusion and the summary judgment evidence showing that Plaintiff was not held in the Smith County jail on a conviction or sentence for burglary of a building. Rather, the summary judgment evidence reveals that Plaintiff was held in the jail for a revocation of his probation (Docket No. 56, Exs. D, E)—and there is no evidence in the record showing that Plaintiff was sentenced for burglary of a building after violating his probation. *See, e.g.*, Docket No. 56, Ex. F.

Plaintiff has therefore not met his burden to show that he was held in the Smith County jail beyond his maximum sentence for burglary.[1]

Plaintiff's first objection is overruled.

**B.**

Plaintiff next asserts that the Report essentially adopts Smith County's position that "a criminal commitment order must be honored indefinitely unless and

---

[1]  Additionally, Plaintiff's argument about the prosecutor's reasons for dismissing Plaintiff's charges is not germane to the substance of the Report, which is that Smith County is not the proper party.

4

until a court issues a release order." Docket No. 67 at 3. He posits that, under this theory, a sheriff could constitutionally detain an individual forever—which is irreconcilable with due process.

For one, this objection is irrelevant to the Report's conclusion that Smith County is not the proper defendant. Plaintiff is also incorrect. A county sheriff's legal authority is "subject to an order of the proper court." *See Odonnell v. Harris County*, 892 F.3d 147, 156 (5th Cir. 2018) (". . . the Sheriff is legally obliged to execute all lawful process and cannot release prisoners committed to jail by a magistrate's warrant—even if prisoners are committed for want of bail." (citation modified)); *see also* TEX. LOC. GOV'T CODE § 351.041(a) ("The sheriff of each county is the keeper of the county jail. The sheriff shall safely keep all prisoners **committed to the jail by a lawful authority, subject to an order of the proper court**." (emphasis added)). Under Texas law, "[b]ail is set by judicial officers, not county sheriffs, and county sheriffs are required to execute all process and precepts directed to them by legal authority." *Brown v. Daniels*, 2021 WL 1997060, *16 (Tex. App.—Dallas, May 19, 2021, no pet.).

Here, the evidence does not show or suggest that Plaintiff was held beyond the maximum lawful authority for burglary. Plaintiff was arrested on revocation of probation and placed in the Smith County jail. Docket No. 56, Exs. D, E. The trial court held a hearing and ultimately denied Plaintiff bail, determined him incompetent to stand trial, and ordered him committed to a state mental hospital for competency restoration. Plaintiff was placed on a waitlist for a hospital bed—and, as

5

a result, remained in the jail and was not taken to the hospital for the competency restoration.

During that time, the evidence shows, the County had lawful custody of Plaintiff through the trial court's commitment order—and, through that order, Plaintiff was to remain incarcerated until he could be sent to the hospital.  He was released pursuant to a court order.  There is nothing in the record indicating—let alone showing—that the sheriff or County could have unilaterally released Plaintiff during this time while he waited for a hospital bed.  The sheriff does not have the legal authority to disobey court orders or release inmates *sua sponte*.  *See Brown*, 2021 WL 1997060, at \*18 ("In addition, as we stated earlier, Texas law does not authorize county sheriffs to release persons confined pursuant to facially valid court orders by unilaterally determining what circumstances warrant release.").

Given that the sheriff's duty is to keep all inmates committed to the jail, subject to an order of the Court, Plaintiff has not demonstrated that the sheriff or the County had any authority to release him prior to the trial court's order releasing him. Plaintiff has not met his burden on summary judgment to show that Smith County is the proper party for Article III standing.

Plaintiff's second objection is overruled.

### C.

Plaintiff further argues that *Jackson v. Indiana* holds that incompetency confinement cannot continue indefinitely.  406 U.S. 715, 719 (1972).  He argues that once the maximum lawful confinement period expires, restoration treatment may no

6

longer be pursued. Plaintiff cites to Texas Code of Criminal Procedure articles 46B.009 and 46B.0095, which limit "confinement of an incompetent defendant to the maximum sentence for the charged offense." He also argues that the Fifth Circuit recently followed *Jackson* in *Harris v. Clay Cnty., Miss.*, 47 F.4th 271 (5th Cir. 2022), and in doing so, held "that the prolonged detention violated *Jackson* and rejected the sheriffs' argument that the courts/prosecutor held responsibility for the unlawful detention," *id.* Docket No. 67 at 5.

The Supreme Court in *Jackson* held that the Fourteenth Amendment prohibits a state from confining a criminal defendant "solely on account of his incapacity to proceed to trial" for more than "the reasonable amount of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." 405 U.S. at 738. If there is no reasonable probability that the defendant will become competent, the state must initiate civil commitment proceedings or release the defendant. *Id.*

The Court agrees with the Report, which reasoned that *Jackson* is not applicable when considering Smith County's role—or lack thereof—in restoring Plaintiff's competency. The commitment order specified that HHSC was charged with the responsibility of assessing and returning Plaintiff to competency—not Smith County. Docket No. 56, Ex. F at 3 (the commitment order); Docket No. 66 at 18. Moreover, the *Jackson* commit-or-release rule is well-settled: An incompetent defendant who has no reasonable expectation of restored competency must be civilly

7

committed or released.  *Jackson*, 406 U.S. at 738.  But here, there was no determination that Plaintiff's incompetence could not be restored.

Similarly, an examination of *Harris* reveals that it is inapplicable.  As the Fifth Circuit explained, Harris was not held pursuant to any court order, as no case was pending.  47 F.4th at 273–74.  Unlike *Harris*, Plaintiff was incarcerated inside the Smith County jail pursuant to a specific commitment order that denied him bail while he awaited transfer to a mental health facility.  Docket No. 56, Ex. F.  Although Plaintiff was incarcerated in the jail for an extended period of time due to lack of hospital beds, no subsequent court order was entered for his release.  Extending the objection to its logical conclusion, Plaintiff is essentially arguing that Smith County should have ignored the commitment order and *sua sponte* released him.  This is not what the law provides.

In fact, the sheriffs in *Harris* held Harris *in violation* of a court order providing that Harris "shall remain in custody until the determination of said civil proceedings" such that once the court dismissed the civil commitment proceedings, Harris should have been released.  47 F.4th at 278.  Here, there is no evidence that the sheriff had any knowledge that Plaintiff remained detained in violation of a court order, nor purposely violated any such order.

\* \* \*

Plaintiff was incarcerated pursuant to a commitment order awaiting admission to a state mental hospital.  There was no activity in his criminal case, and it remained pending.  In other words, unlike in *Harris*, Plaintiff was detained in the

jail pursuant to an order that remained in effect until the court issued its order for Plaintiff's release on November 4, 2022. The commitment order in this case, unlike the one in *Harris*, did not direct Smith County or the sheriff to release him at any time before admission to the hospital. To release Plaintiff *sua sponte* would have violated the commitment order. Neither *Jackson* nor *Harris* holds that a sheriff can unliterally violate a court's commitment order to release an inmate. Additionally, unlike in *Harris*, here there was no finding—and the summary judgment evidence does not reveal—that Plaintiff's competency could not be restored.[2]

Plaintiff's third objection is overruled.

**D.**

Plaintiff next maintains that the Report improperly credits Smith County's assertion that it lacked discretion to act and discounted evidence of a policy to detain incompetent individuals until a hospital transfer or court order. Plaintiff argues that he was released on a termination of probation—not competency restoration, which is a factual dispute that must be resolved by a jury. This alleged "factual dispute" is not germane to the findings of the Report and the basis for dismissing Plaintiff's claims, and the objection is therefore without merit.

Plaintiff's fourth objection is overruled.

---

[2] Plaintiff again contends that *Whirl v. Kern* 407 F.2d 781, 791 (5th Cir. 1969), and *Douthit v. Jones* 619 F.2d 527 (5th Cir. 1980), support his allegations. This is a repeat of arguments made in the summary judgment briefing. Docket No. 59 at 7–10. Objections that fail to point out any specific factual or legal error in the Report are generally improper. *Wingfield v. Garner*, No. 6:21-cv-320-JDK-KNM, 2023 WL 5835941, at *1 (E.D. Tex. Sept. 7, 2023), *aff'd*, No. 23-40547, 2025 WL 1040649 (5th Cir. Apr. 8, 2025) (holding that merely rearguing claims made in prior motion is an improper objection). Judge Love already rejected these arguments, and the Court finds no error in the analysis. Docket No. 66 at 13–15.

**E.**

In his final objection, Plaintiff argues that the Report incorrectly suggests that Plaintiff's claims should have been brought in *Ward v. Young*, No. 1:16-cv-917-DAE, the class action in the Western District of Texas. Plaintiff explains that the class action in *Ward* expressly sought only declaratory and injunctive relief and not monetary damages; therefore, Plaintiff's claims against Smith County could not have been litigated in *Ward*.

This objection, however, again is not germane to the subject of the Report and Recommendation. Plaintiff has not established Article III standing with respect to his claims against Smith County.

Plaintiff's fifth objection is overruled.

**F.**

Finally, the Court notes that Plaintiff does not object to Judge Love's recommendation to decline to exercise supplemental jurisdiction over his state-law claim. Docket No. 66 at 23. After reviewing this portion of the Report for clear error, the Court determines that the Report is correct, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

**II.**

After a review of the pleadings, the record, the Magistrate Judge's Report, Plaintiff's objections, Defendant's response, and the relevant law, the Court finds that Plaintiff's objections (Docket No. 67) should be **OVERRULED**. Accordingly, the

Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 66) as the findings of this Court.

Therefore, it is **ORDERED** that Defendant Smith County's motion for summary judgment (Docket No. 56) is **GRANTED** and Plaintiff's claims against Smith County are **DISMISSED with prejudice**. Plaintiff's state-law claim against Defendant Roberson is **DISMISSED**, **without prejudice**.

Any other motions which may be pending are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **17th** day of **April, 2026.**

 

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

11